UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY ANDREW STETTLER, on behalf of minor F.R.M.S.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON DEPARTMENT OF HEALTH; WASHINGTON STATE DEPARTMENT OF CHILDREN YOUTH AND FAMILIES; SNOHOMISH COUNTY SUPERIOR COURT, Juvenile Judge John T. Scott; and WASHINGTON STATE ASSISTANT ATTORNEY GENERAL, Everett Juvenile Rep. DCYF,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-00602-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　　This matter is before the Court on its own motion. Having reviewed Plaintiff Jeffrey Andrew Stettler's Complaint (Dkt. No. 4), the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE the Complaint with leave to file an amended complaint.

On May 1, 2024, *pro se* Plaintiff filed an application to proceed *in forma pauperis* ("IFP," Dkt. No. 1), which was granted by the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 3), and his Complaint was filed on the docket on May 7, 2024 (Dkt. No. 4). In the order granting IFP, Judge Vaughan recommended the Complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 3 at 1.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and[] a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Where a plaintiff proceeds *pro se* (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court cannot "supply essential elements of the [pro se] claim that were not initially pled." *E.g., Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff provides an extremely limited and conclusory recitation of the factual bases for his lawsuit. *See* Dkt. No. 4 at 5. Some of Plaintiff's statements are effectively legal conclusions and not factual allegations. *See, e.g., id.* ("Court violated 1st and 5 [sic] by Compelling Speech"). The remaining allegations are too thin and unexplained for the Court to determine if any of the alleged facts plausibly state a claim for relief. *See Ashcroft v. Iqbal*, 556

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007))). For these reasons, the Court must DISMISS Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court therefore GRANTS Plaintiff leave to file an amended complaint in this case by **no later than June 21, 2024**. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief per 28 U.S.C. § 1915(e), the Court will dismiss this case in its entirety.

Dated this 17th day of May 2024.

Tana Lin
United States District Judge